IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STOLLERUSA, INC. and STOLLER ENTERPRISES, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-3572 |
| AGRI-SCIENCE TECHNOLOGIES, LLC and DAVID ALEXANDER, | § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

On October 2, 2018, Plaintiffs StollerUSA, Inc. and Stoller Enterprises, Inc. (collectively, "Stoller" or "Plaintiffs") filed their Complaint against Defendants Agri-Science Technologies, LLC ("Agri-Science") and David Alexander ("Alexander") (collectively, "Defendants") asserting multiple claims arising from the parties' failed business relationship.[1] Pending before the court is Non-Resident Defendants' Special Appearance, Motion to Dismiss for Lack of Personal Jurisdiction, Alternatively to Transfer Venue and Alternatively to Dismiss for Failure to State a Claim and Brief in Support of Motion ("Defendants' Motion to Dismiss") (Docket Entry No. 11) and Plaintiffs' Response to Defendants' Motion to Dismiss

---

[1]See Plaintiffs' Original Complaint and Application for Preliminary Injunction and Request for Permanent Injunction ("Complaint"), Docket Entry No. 1, pp. 7-17.

(Docket Entry No. 13). For the reasons explained below, Defendants' Motion to Dismiss will be denied.

## I. Motion to Dismiss for Lack of Personal Jurisdiction

Defendants argue that the court lacks personal jurisdiction over this dispute. Stoller bears the burden of showing that the court has personal jurisdiction over Defendants, but Stoller need only make a prima facie showing that the exercise of personal jurisdiction is proper. See Quick Technologies, Inc. v. Sage Group PLC, 313 F.3d 338, 343 (5th Cir. 2002), cert. denied, 124 S. Ct. 66 (2003). In evaluating whether the court has personal jurisdiction over Defendants, the court must resolve any factual conflicts in Stoller's favor. See Guidry v. United States Tobacco Co., Inc., 188 F.3d 619, 625 (5th Cir. 1999).

Exercise of personal jurisdiction over a nonresident defendant comports with the Texas long-arm statute and federal due process guarantees when the nonresident defendant has established minimum contacts with the forum state, and the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" See International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 66 S. Ct. 154, 158 (1945); McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009), cert. denied, 131 S. Ct. 68 (2010). Minimum contacts can give rise to either specific or general personal jurisdiction, but only specific personal jurisdiction is relevant here because Stoller does not allege that Defendants are "essentially at home" in Texas.

A court may exercise specific jurisdiction over a non-resident defendant when the plaintiff's alleged injuries arise from or are directly related to the non-resident defendant's contacts with the forum state. Gundle Lining Construction Corp. v. Adams County Asphalt, Inc., 85 F.3d 201, 205 (5th Cir. 1996). Even a single contact can support specific jurisdiction if the defendant "'purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Burger King Corp. v. Rudzewicz, 105 S. Ct. 2174, 2183 (1985). Stoller has made a prima facie showing that the court's exercise of specific personal jurisdiction over Defendants is proper. Alexander and his company, Agri-Science Technologies, purposefully availed themselves of the protections of Texas law when Alexander entered into a business relationship with Stoller, a Texas company. Alexander frequently communicated with Stoller personnel in Houston and regularly traveled to Houston for business relating to Agri-Science's distributorship agreement with Stoller. Purposeful availment exists with respect to Stoller's breach of contract claims because Defendants entered into the relevant contracts in Texas with a Texas company. Purposeful availment exists with respect to Stoller's tort claims because Stoller's claims are based on the fraudulent and misleading content of Defendants' communications with Stoller in Texas. Purposeful availment exists with respect to Stoller's tort claims even though Defendants committed the allegedly tortious acts in Michigan

-3-

because Stoller is suffering the consequences of Defendants' conduct in Texas.

Because Plaintiffs have made a prima facie case for the exercise of specific personal jurisdiction, the burden of proof shifts to Defendants to show that the court's exercise of jurisdiction would be unreasonable. Defendants' arguments that the court's exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice are not persuasive. Texas has an interest in adjudicating a dispute involving out-of-state defendants' alleged torts against a Texas company. Since Alexander traveled to Houston for business on a regular basis, travel to Texas to defend this action would not be overly burdensome for him. Because Defendants have the requisite minimum contacts with Texas and the exercise of specific personal jurisdiction does not offend traditional notions of fair play and substantial justice, the court has personal jurisdiction over both Alexander and Agri-Science Technologies. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction will therefore be denied.

## II. Motion to Transfer Venue

Defendants argue that the Western District of Michigan is the appropriate venue for this action because (1) Defendants reside there and (2) Defendants argue that "virtually all" of the relevant events occurred there. "For the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The defendant seeking a venue transfer bears the burden of showing that the transferee forum is "clearly more convenient." In re Volkswagen of America, Inc., 545 F.3d 304, 315 (5th Cir. 2008). In determining whether Defendants have met their burden to show that the Western District of Michigan is the "clearly more convenient" forum, the court will weigh the Volkswagen public and private interest factors. Id. The private factors are: (1) relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. The public factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local disputes decided at home; (3) the familiarity of the forum with governing law; and (4) the avoidance of unnecessary conflict of laws problems. Id. at 315.

The private interest factors weigh in favor of Stoller. Since the majority of the records will be available electronically, sources of proof are easily accessible in both jurisdictions. Defendants fail to identify any witnesses by name who reside in Michigan. Stoller states that most of its witnesses will be Stoller personnel in Houston and Brian Schieber, a resident of Illinois. Defendants fail to cite any particular private concerns

other than the general cost and expense of travel to Houston. The public interest factors also weigh in favor of Stoller. While Defendants' alleged torts were committed in Michigan, Stoller's alleged injuries were suffered in Texas. The relevant contracts were negotiated, executed, and performed in Texas. Defendants argue that Michigan law likely applies to Stoller's claims, but fail to explain why. At least one of the contracts at issue, the Confidentiality Agreement, requires the application of Texas law.[2] Stoller's Complaint alleges that Texas law governs and pleads causes of action based on Texas law. Because the private and public interest factors favor keeping this action in Texas, Defendants have failed to satisfy their burden to show that the Western District of Michigan is the "clearly more convenient" forum. Defendants' Motion to Transfer Venue will therefore be denied.

### III. Motion to Dismiss Under Rule 12(b)(6)

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). To defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell

---

[2] See Trade Secret and Confidential Information Agreement, Exhibit 2 to Defendants' Motion to Dismiss, Docket Entry No. 11-2, p. 4.

Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). In ruling on a Rule 12(b)(6) motion, the court must "accept the plaintiff's well pleaded facts as true and view them in the light most favorable to the plaintiff." Chauvin v. State Farm Fire & Casualty Co., 495 F.3d 232, 237 (5th Cir. 2007). Defendants argue that Stoller's complaint should be dismissed for three reasons: First, Defendants argue that several of Stoller's claims are barred by the statute of limitations. Second, Defendants argue that Alexander cannot be liable on Stoller's line of credit because he acted only as an agent of Agri-Science and not on his own behalf. Third, Defendants argue that Stoller has failed to plead its misappropriation of trade secrets claim with sufficient particularity.

To succeed in a Rule 12(b)(6) motion based on the expiration of the statute of limitations, Defendants need to show both that the action is barred on the face of Stoller's Complaint and that no basis for tolling or the like exists. Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003). Defendants have failed to satisfy this burden. Defendants point to nothing on the face of the Complaint that establishes that any of Stoller's claims are barred by limitations. Moreover, Stoller's argument that it had no knowledge of Defendants' allegedly wrongful conduct until 2017 raises a fact issue as to whether any applicable limitations periods were tolled.

Defendants allege that Plaintiffs failed to plead their Uniform Trade Secrets Act claims with sufficient particularity because Plaintiffs failed to identify which trade secret Defendants allegedly misappropriated. But the Uniform Trade Secrets Act does not require Plaintiffs to identify the allegedly infringed trade secrets in their pleadings: Plaintiffs need only plead facts that give rise to a plausible claim for trade secret misappropriation. To establish a cause of action for misappropriation of trade secrets under Texas law, the plaintiff must prove, among other things, that a trade secret existed. Tex. Civ. Prac. & Rem. Code § 134A.002. Whether a trade secret exists is usually a question of fact. General Universal Systems, Inc. v. Lee, 379 F.3d 131, 150 (5th Cir. 2004). Under Texas law, such a decision depends on the balancing of six different factors: "(1) the extent to which the information is known outside the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken to safeguard the secrecy of the information; (4) the value of the information to him and to his competitors; (5) the amount of effort or money expended in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others." Id. Because each of these factors turn on factual considerations that cannot be resolved before discovery, a Rule 12(b)(6) motion is not the appropriate vehicle to determine

whether a trade secret existed here. See Vigo v. Reed, 2012 WL 5363429, at *4 (N.D. Tex. November 1, 2012).

Lastly, Defendants allege that Alexander cannot be individually liable on the line of credit at issue because he negotiated the line of credit as an agent for Agri-Science. Stoller contests that Alexander acted only as an agent of Agri-Science. Fact issues therefore remain regarding whether Alexander was acting in his individual capacity or solely as an agent of Agri-Science.

Stoller's complaint states sufficient facts to demonstrate legally cognizable claims for relief against Defendants. Defendants' Motion to Dismiss under Rule 12(b)(6) for failure to state a claim will therefore be denied.

## IV. Conclusion

For the reasons explained above, Non-Resident Defendants' Special Appearance, Motion to Dismiss for Lack of Personal Jurisdiction, Alternatively to Transfer Venue and Alternatively to Dismiss for Failure to State a Claim (Docket Entry No. 11) is **DENIED**.

**SIGNED** at Houston, Texas, on this 24th day of January, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE